**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY GLEASON, | ) Case No. CV 19-3742-DDP (JPR) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING FIRST AMENDED |
| v. | ) COMPLAINT |
| | ) |
| J. GASTELO et al., | ) |
| | ) |
| Defendants. | ) |

On May 1, 2019, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983 against eight employees of the California Men's Colony state prison in San Luis Obispo, where he was once housed.[1] He sued all Defendants in their official and individual capacities and sought declaratory

---

[1] When he filed the Complaint, Plaintiff was and still is incarcerated at California State Prison, Sacramento. (See First Am. Compl. at 3 (for nonconsecutively paginated documents, the Court uses the pagination generated by its official Case Management/Electronic Case Filing system)); see also Cal. Dep't Corr. & Rehab. Inmate Locator, https:// inmatelocator.cdcr.ca.gov (search for "Stanley" with "Gleason" and CDCR number "AZ5852") (last visited Aug. 5, 2019).

1

relief and compensatory and punitive damages. (See Compl. at 1, 11.) He was subsequently granted leave to proceed in forma pauperis. On May 20, 2019, he filed an additional pleading, stating new factual allegations and a request for injunctive relief, which the Court deemed a supplement to the Complaint. (Suppl. Compl. at 1, 3-4.) On July 22, 2019, before the Court could screen the Complaint, Plaintiff filed a First Amended Complaint, omitting three of the original eight Defendants, several causes of action, and the request for injunctive relief.[2] On July 26, 2019, he refiled the FAC, attaching additional summonses that he requests be served along with it.

As best as can be deciphered, Plaintiff's claims arise from a December 2018 incident during which three corrections officers allegedly assaulted him. He has named as Defendants the following CMC employees: Warden J. Gastelo, Correctional Lieutenant C. Garino, Correctional Captain S. Silva, and correctional officers B. Reed and M. De Castro. (FAC at 1-2.)[3] Perhaps realizing that under the 11th Amendment the State, its agencies, and its officials acting in their official capacity

---

[2] Plaintiff "request[s] leave to file an amended complaint and summons." (FAC at 1.) But he had not yet amended the Complaint, and no Defendant has yet appeared or been served. Accordingly, he may amend the Complaint under Rule 15 of the Federal Rules of Civil Procedure as a matter of course, and no leave of Court is required. See Fed. R. Civ. P. 15(a)(1).

[3] Under Rule 10(a) of the Federal Rules of Civil Procedure, the "title of the complaint must name all the parties." The caption of the handwritten FAC lists only J. Gastelo. (See FAC at 1.) In any amended complaint Plaintiff chooses to file, he must list each Defendant in the title or the amended complaint will be subject to dismissal on that basis alone. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (as amended).

cannot be sued for money damages, see Ryan v. Cal. Men's Colony, No. CV 09-7441-CJC (AGR)., 2010 WL 761216, at *3 (C.D. Cal. Feb. 26, 2010) (finding suit for money damages against CMC's warden in official capacity barred by 11th Amendment), Plaintiff appears to no longer sue Defendants in their official capacity. Similarly, given that he has dropped his claim for injunctive relief, he apparently recognizes that he is unable to allege any continuing violation of federal law because he is no longer housed in the facility where the alleged constitutional violations took place. See Ex parte Young, 209 U.S. 123, 155-57 (1908); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

After screening the FAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim on which relief might be granted. Because at least some of his claims might be cured by amendment, they are dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured). If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.[4]

**STANDARD OF REVIEW**

---

[4] On June 7 and 10, 2019, Plaintiff filed requests for an update on the original Complaint's status. His filing of the FAC rendered those requests moot, and they are therefore denied.

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

4

lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

**I. The Pleadings Do Not Comply With Federal Rule of Civil Procedure 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and alteration omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See id. at 555 n.3. To comply with Rule 8, a complaint must allege sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," and it "must plausibly suggest an entitlement to relief, such that it is not unfair" to subject the opposing party "to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (Rule 8 requires that complaint provide "minimum threshold" giving defendant "notice of what it is that it allegedly did wrong").

Plaintiff's pleadings fail to comport with Rule 8 because he states mostly conclusory, disjointed allegations, vague theories of liability, and few facts. For instance, he alleges that on December 14, 2018, at 7:30 a.m., inside CMC's "B" yard, as he was

5

"coming from CMC's Cow Hall," Defendants Garino, Reed, and De Castro committed an "assault and battery" against him and "handcuff[ed] [him] behind [his] back" without probable cause. (FAC at 3, 8; see also id. at 2, 6-7.) He also alludes to "retaliation" and "hate crimes" he has suffered at Defendants' hands. (Id. at 7.) But these allegations fail to articulate any facts about how and why the alleged assault unfolded, the role of each Defendant during it, what injuries he sustained, and what type of retaliation and hate crimes he has allegedly suffered. See Irby v. Sinclair, 453 F. App'x 729, 729 (9th Cir. 2011) (holding that plaintiff's conclusory allegations regarding retaliation stemming from prison disciplinary sanctions were not sufficient to state § 1983 claim); cf. Byrd, 885 F.3d at 642-43 (plaintiff's allegations weren't "too vague and conclusory" to support excessive-force claim when he stated that two officers "beat the crap out of [him]," explained events preceding assault and how assault unfolded, alleged facts that ruled out potential explanations for officers' use of force, and detailed his injuries, including "severe body pain," "emotional distress," and "loss of 70% of [his] vision").

Plaintiff makes a number of other conclusory allegations that appear to be tangentially related to the December 14 incident but which neither buttress the claims directly stemming from that incident nor give rise to any others. For instance, he alleges that Defendants Garino and Reed "used unnecessary force" against him "multiple times," including on December 8 and 9, 2018, when they both "tryed [sic] there[] [sic] best to start a fight." (FAC at 4.) But to the extent he is attempting to

6

suggest that the December 14 incident was part of an unlawful course of conduct directed against him by Defendants, his bare-bones allegations do not give rise to that inference. He also alleges that after the assault, one or more Defendants committed "perjury" by submitting "false reports," conspired to violate his rights, and deprived him of "access to the courts" and a fair hearing. (Id. at 3, 5, 8.) These equally conclusory allegations fare no better in stating a viable claim against Defendants. Further, it is unclear what claims he actually intends to bring based on this collection of allegations, let alone whether they are grounded in federal or state law. Peppered throughout the pleadings are references to the First, Fifth, Eighth and 14th amendments and various state-law causes of action, but they are not tied to specific factual allegations.[5] Therefore, the pleadings fail to put Defendants on notice regarding what wrongful conduct they are accused of engaging in, what rights or laws they allegedly violated, and what legal standard applies to determining their culpability, thereby making it impossible for them to defend themselves effectively. See Starr, 652 F.3d at 1216.

Plaintiff also fails to adequately plead what specific conduct by Defendants Silva and Gastelo was unlawful or violated

---

[5] When bringing state-law tort claims against a public employee, a plaintiff must plead compliance with the Tort Claims Act or the claim is subject to dismissal. State v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1245 (2004). This requirement applies in federal court. See Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). In any amended complaint he chooses to file with state-law causes of action, Plaintiff must allege compliance with the Tort Claims Act.

7

his constitutional rights; the FAC contains virtually no allegations concerning them. To the extent he has sued any Defendant solely on the theory that he supervised the actions of those who committed the alleged violations (see FAC at 4-5 (alleging that Warden Gastelo "is legally responsible for the operation of California State Prison and for the welfare[] of all the inmates of that prison" and failed to protect him)), mere supervision is not sufficient to establish liability. Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. Because a supervisory official may be liable on the basis of his own acts or omissions, however, a plaintiff may sufficiently state a claim against a supervisor based on his "knowledge of and acquiescence in the unconstitutional conduct" of his subordinates. Starr, 652 F.3d at 1207. Thus, the supervisor is liable if either he was personally involved in the unconstitutional deprivation or a sufficient causal connection existed between his wrongful conduct and the deprivation. Id. A causal connection can be established by "setting in motion a series of acts by others" or "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (alterations and citation omitted). A supervisor may also be liable if he personally promulgated a policy that led to the violation of a plaintiff's rights, but the plaintiff must identify a specific policy and establish a direct causal link between that policy and the alleged constitutional deprivation.

See, e.g., <u>Redman v. Cnty. of San Diego</u>, 942 F.2d 1435, 1447-48 (9th Cir. 1991) (en banc), abrogated on other grounds as recognized by <u>Davis v. Folsom Cordova Unified Sch. Dist.</u>, 674 F. App'x 715, 716 (9th Cir. 2017).

In sum, the FAC must be dismissed because Plaintiff's claims fail to set forth a minimum factual and legal basis under Rule 8 sufficient to give each Defendant fair notice of the allegations against him or her. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1174, 1179 (9th Cir. 1996) (affirming dismissal under Rule 8 of plaintiff's "prolix" complaint, which "mixe[d] allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way").

**II. Some of Plaintiff's Claims May be <u>Heck</u> Barred**

Some of Plaintiff's causes of action, including his "False Reports," "Retaliation," and conspiracy claims, apparently stem at least in part from a disciplinary proceeding that followed the underlying incident. (See FAC at 3 (prior to disciplinary proceeding Defendant Garino "order[ed] that [he] was to wear a spit hood to the subsequent violation hearing," causing Plaintiff to "refuse[] to go"), 8 (claiming he was denied due process right to fair hearing).)[6]

Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a prisoner may not bring a civil-rights claim that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as

---

[6] Although the FAC is silent about the outcome of the hearing, the original pleadings alleged that he was found guilty and lost good-time credits as a result. (See Suppl. Compl. at 3.)

9

through the grant of a writ of habeas corpus. See id. at 486-87. Heck applies to civil-rights claims arising from prison disciplinary proceedings that resulted in loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to prisoner's due-process challenge to prison disciplinary decision). Thus, a prisoner's challenge to a disciplinary procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at 646.

To the extent Plaintiff was found guilty at the disciplinary hearing based on events alleged in the FAC, success on his claims would likely undermine the validity of that proceeding. The claims would thus be subject to Heck's favorable-termination rule. See Edwards, 520 U.S. at 644-45, 648. Any amended complaint Plaintiff chooses to file under § 1983 must allege specific facts showing that success on his claims would not necessarily imply the invalidity of the disciplinary-hearing result and subsequent loss of good-time credits.

********************

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the original Complaint and Supplemental Complaint, the FAC, or any other pleading, attachment, or document. The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights

Complaint Form, CV-66, to facilitate his filing of an organized and coherent SAC if he elects to proceed with this action. **He is warned that if he fails to timely file a sufficient SAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute.**[7]

DATED: August 13, 2019

/s/ Jean Rosenbluth
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[7] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").