**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY GLEASON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GASTELO et al.,<br><br>        Defendants. | ) Case No. CV 19-3742-DDP (JPR)<br>)<br>)<br>) ORDER DISMISSING COMPLAINT WITH<br>) PREJUDICE FOR FAILURE TO OBEY<br>) COURT ORDERS AND FAILURE TO STATE<br>) ANY CLAIM<br>)<br>)<br>) |

    On May 1, 2019, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983 against eight employees of the California Men's Colony state prison in San Luis Obispo, where he was once housed. He sued all Defendants in their official and individual capacities and sought declaratory relief and compensatory and punitive damages. (See Compl. at 1-2, 11.) He was subsequently granted leave to proceed in forma pauperis. On May 20, 2019, he filed an additional pleading, stating new factual allegations and a request for injunctive relief, which the Court deemed a supplement to the Complaint. (Suppl. Compl. at 1, 3-4.) On July 22, 2019, before the Court could screen the Complaint and its supplement, he filed a First

1

Amended Complaint, omitting three of the original eight Defendants, several causes of action, and the request for injunctive relief. (See FAC at 1-2.) On July 26, 2019, he refiled the FAC, attaching summonses that he requested be served with it. As best as can be deciphered, Plaintiff's claims arise from a December 2018 incident during which three correctional officers allegedly assaulted him.

On August 13, 2019, after screening the FAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge dismissed it with leave to amend because, among other deficiencies, it failed to state any claim upon which relief could be granted. (See Order Dismissing FAC at 5-9.) Plaintiff was ordered to file an amended pleading no later than September 10, 2019, and was warned that his failure to do so could result in dismissal of his lawsuit for the reasons stated in the dismissal order or for failure to diligently prosecute. (Id. at 10-11.) The Magistrate Judge advised him that to the extent he believed the dismissal order erroneously disposed of any of his claims, he could file objections with the District Judge. (Id. at 11.)

On September 24, 2019, two weeks after his deadline to file a second amended complaint or objections had passed, Plaintiff filed objections in the Northern District of California, claiming that he had erred by filing his lawsuit in the Central District, asking for it to be transferred to the "proper venue," and requesting that the FAC be served on Defendants. His objections were forwarded to this District.

On October 4, 2019, the Magistrate Judge denied his request for a change of venue, correctly noting that the Central District

was the proper venue for his lawsuit. (See Oct. 4, 2019 Order at 2.) The Magistrate Judge explained that he had three options: he could file a second amended complaint, remedying the deficiencies discussed in the dismissal order; he could file objections with the District Judge if he believed that order erroneously disposed of any of his claims; or he could choose to stand on his claims as pleaded, have the court dismiss them with prejudice, and "then" seek appellate review. (See id. at 3 (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-64 (9th Cir. 2004)).) The Magistrate Judge warned that if instead of doing one of these things he did "nothing" or "fil[ed] more documents contesting venue or insisting that the FAC be served," his lawsuit might be dismissed. (Id. at 4.)

Instead of taking one of the three actions outlined by the Magistrate Judge, on October 30, 2019, Plaintiff filed a notice of appeal in the Ninth Circuit. See Docketing Letter, Gleason v. Gastelo, No. 19-56253 (9th Cir. Oct. 30, 2019), ECF No. 1. On November 4, 2019, he filed in this Court "notice" of a "request for summary judgment or arbitration"; on November 21, he moved for "summary judgment or arbitration." On November 22, 2019, the Ninth Circuit dismissed his appeal for lack of jurisdiction.

Under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (as amended) (affirming district court's dismissal of action because pro se plaintiff failed to follow order to comply with Fed. R. Civ. P. 10(a)). Indeed, district courts have inherent power to control their dockets, including the authority

to dismiss lawsuits. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R., 370 U.S. 626 (1961)). Because dismissal is a harsh penalty, it should be imposed only in "extreme circumstances." Id. But the harshness of the penalty is "directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff has clearly failed to comply with the Magistrate Judge's October 4 Order: he has not filed a FAC, objections to the dismissal order, or notice that he wished to stand on his claims, have the FAC dismissed without leave to amend, and appeal that dismissal to the Ninth Circuit. Indeed, despite being given multiple opportunities to remedy the deficiencies in the FAC, he has instead persisted in making frivolous filings in this Court, other district courts, and the Ninth Circuit.

Before dismissing a lawsuit under Rule 41(b), a court should weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate

in favor of dismissal.  This lawsuit has been pending since May 1, 2019, more than seven months, and despite ample opportunity to do so Plaintiff still has not filed a viable complaint, has offered no legitimate explanation for his refusal to even try to do so, and has filed numerous baseless notices and requests.  See Ferdik, 963 F.2d at 1261 (noting that first two factors "strongly support" dismissal when case "dragged on for over a year and a half before it finally was dismissed" and "consumed large amounts of the court's valuable time").  And his failure to rebut the presumption that his delay has prejudiced Defendants warrants dismissal under the third factor.  Eisen, 31 F.3d at 1452-53.

Moreover, as the Magistrate Judge explained in the dismissal order, the FAC "states mostly conclusory, disjointed allegations, vague theories of liability, and few facts" about how and why the alleged assault unfolded, the role of each Defendant during it, what injuries he sustained, and what retaliation he has suffered and by whom.  (Order Dismissing FAC at 5-6.)  Thus, no less drastic sanction is available, as the FAC fails to state a claim and should not be ordered served, but Plaintiff has refused to even attempt to remedy its deficiencies despite being warned numerous times that his failure to do so might result in dismissal.  (See Order Dismissing FAC at 10-11; Oct. 4, 2019 Order at 4.)

Although the fourth factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See Seto v. Thielen, 519 F. App'x 966, 969 (9th Cir. 2013) (upholding dismissal of complaint when "[p]laintiffs repeatedly failed to

comply with the district court's orders to remedy the drastic shortcomings of their pleadings" and "were warned several times that failure to comply . . . would result in automatic dismissal").

**ORDER**

For the reasons discussed above, this action is dismissed with prejudice for failure to comply with the Court's orders and failure to state any claim, and for the reasons stated in the Magistrate Judge's August 13 and October 4, 2019 orders, which the Court has read and accepts.

DATED: March 2, 2020

DEAN D. PREGERSON
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge