O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY GLEASON, | ) | Case No. CV 19-03742 DDP (JPR) |
| Plaintiff, | ) ) | Order Denying Motion to Disqualify Magistrate Judge |
| v. | ) ) | Rosenbluth |
| WARDEN, J. CASTELO, et al., | ) ) | [Dkt. 43] |
| Defendants. | ) ) | |

Presently before the court is Plaintiff Stanley Gleason's Motion to Disqualify Magistrate Judge Rosenbluth pursuant to 28 U.S.C. § 455. (Dkt. 42.) Having reviewed Platintiff's submission, the court DENIES the motion and adopts the following Order.

Plaintiff asserts that Magistrate Judge Rosenbluth is biased against him because he is proceeding pro se. Under Section 455, a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned" and in proceedings in which "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Here, Plaintiff has not established that Magistrate Judge Rosenbluth's impartiality could reasonably be called into question. Petitioner does not allege that Magistrate Judge Rosenbluth has considered or relied upon any extrajudicial sources. Nor has Plaintiff demonstrated that Magistrate Judge Rosenbluth harbors any "deep-seated and unequivocal antagonism" toward him. F.J. Hanshaw Enters., 244 F.3d at 1144-45. Instead, Plaintiff appears to suggest that Magistrate Judge Rosenbluth improperly rejected two documents for filing: Plaintiff's "Request to Waive Court Fees" and Plaintiff's "Motion for Entry of Default Judgment." As Magistrate Judge Rosenbluth explained, however, Plaintiff's request to waive court fees was submitted in improper form and was, in any event, unnecessary, as Plaintiff had already been granted leave to proceed in forma pauperis. (Dkt. 6.) Indeed, Plaintiff's motion to disqualify acknowledges that Magistrate Judge Rosenbluth granted Plaintiff's request for leave to proceed without prepayment of filing fees. (Dkt. 4.) As to Plaintiff's Motion for Entry of Default Judgment, Magistrate Judge Rosenbluth explained that the

motion could not be filed because no complaint had yet been served upon Defendants. Although it is clear that Plaintiff disagrees with Magistrate Judge Rosenbluth's decisions, this court sees no evidence of bias "that would render fair judgment impossible" in this action. <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1145.

Accordingly, Plaintiff's Motion to Disqualify Magistrate Judge Rosenbluth is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2020

DEAN D. PREGERSON
United States District Judge